IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. WALNEY and RODNEY A. BEDOW, SR., | ) ) ) |
| Plaintiffs, | ) CASE NO: 1:13-cv-00102-SPB ) ) Judge Susan Paradise Baxter |
| v. | ) ) Mag. Judge Richard A. Lanzillo |
| SWEPI LP and SHELL ENERGY HOLDING GP, LLC, | ) ) ) *Electronically Filed* |
| Defendants. | ) |

**BRIEF IN SUPPORT OF**
**MOTION TO SUBSTITUTE PARTY PURSUANT TO FED. R. CIV. P. 25(c)**

Defendants' motion to substitute Shell Legacy Holdings LLC as successor-in-interest to Defendant, SWEPI LP, a now legally defunct entity, should be granted pursuant to the authority granted this Court by Rule 25(c) of the Federal Rules of Civil Procedure and relevant case law as the interest at issue in this litigation was transferred to Shell Legacy Holdings LLC.

*Procedural Background*

On November 23, 2022, Defendants filed a Motion to Amend the Caption in this matter seeking to amend the name of "SWEPI LP" to "Shell Legacy Holdings LLC as successor in interest to SWEPI LP." (ECF 331). In that motion, Defendants explained that effective November 16, 2021, under the Texas Business Organizations Code, SWEPI LP, a Delaware limited partnership, converted to SWEPI LLC, a Texas limited liability company, and divided itself into two entities: Shell Legacy Holdings LLC, a Texas limited liability company, and

Permian Delaware Enterprises Holdings LLC, a Texas limited liability company. (*See* ECF 331 at ¶¶ 1-3).

Despite this fulsome explanation and after failing to respond to Defendants' counsel's invitation to discuss the motion prior to it being filed, Plaintiffs filed an opposition to the motion to amend the caption on November 27, 2022, incorrectly arguing that "Defendant SWEPI LP's assets and liabilities, as ultimately vesting in Shell Legacy Holdings LLC, would not be reachable by the Plaintiffs as a source of recovery unless some agreement among the entities provides otherwise." (ECF 332 at ¶ 5). Plaintiffs also complained that the publicly available documentation evidencing Defendants' representations regarding the conversion of SWEPI LP was not attached to Defendants' motion. (*Id.* at p. 2).

In order to address Plaintiffs' opposition, Defendants filed a Reply in support of the Motion to Amend the Caption on December 15, 2022 (ECF 334). Therein, Defendants clarified that pursuant to a plan of merger, the assets and/or liabilities (without conceding liability in this matter) of SWEPI LLC located in the Commonwealth of Pennsylvania were vested in Shell Legacy Holdings LLC. (*Id.* at ¶¶ 3-5). The conversion of SWEPI LP to SWEPI LLC is evidenced by the Certificate of Conversion on file with the Texas Secretary of State, a copy of which is attached as **Exhibit A** hereto.[1] The division of SWEPI LLP into Shell Legacy Holdings LLC, a Texas limited liability company, and Permian Delaware Enterprises Holdings LLC, a Texas limited liability company, is evidenced by the Certificate of Merger on file with the Texas Secretary of State, a copy of which is attached as **Exhibit B** hereto.[2]

---

[1] The Certificate of Conversion also was filed with Defendants' December 15, 2022 Reply as Exhibit A. (*See* ECF 334-1).
[2] The Certificate of Merger previously was filed as Exhibit B to Defendants' Reply. (*See* ECF 334-2).

2

Following a telephone status conference with the Court on January 5, 2023, during which counsel and the Court discussed the Motion to Amend the Caption, Defendants have undertaken a further analysis of the facts giving rise to the need to address the fact that SWEPI LP, as a legal entity, no longer exists as it was converted and its assets and/or liabilities (if any) at issue in this lawsuit (plus additional assets) were transferred to Shell Legacy Holdings LLC. Defendants submit that the proper method for addressing this situation is found in Federal Rule of Civil Procedure 25(c), which provides: "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c).[3]

***Standard of Review***

Rule 25(c) does not alter the substantive rights of the parties, but rather is "merely a procedural device designed to facilitate the conduct of a case." *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993); *Cirba Inc. v. VMware, Inc.*, Civ. A. No. 19-742, 2022 U.S. Dist. LEXIS 196939, 2022 WL 16527230, at *6 (D. Del. Oct. 26, 2022). It is within the Court's discretion as to whether to make a substitution pursuant to Rule 25(c). *See Luxliner*, 13 F.3d at 72.

In order to determine whether an entity is a transferee of an interest that triggers Rule 25(c), a district court must apply the law to the facts presented in the particular case. *See id.* at 72; *see also Amerco Real Estate Co. v. Appalachian Self-Storage, LLC*, Civ. A. No. 11-1166, 2012 U.S. Dist. LEXIS 116997, 2012 WL 3597189, at *36 (M.D. Pa. Aug, 12, 2012)

---

[3] Simultaneously with the filing of this Motion to Substitute Party Pursuant to Federal Rule of Civil Procedure 25(c), Defendants will be filing a Notice of Withdrawal of the Motion to Amend Caption (ECF 331).

3

(granting substitution of the named plaintiff where the substituted plaintiff had succeeded to the prior party's interest). Importantly, in the Third Circuit, courts are to look only to see whether the to-be-added entity acquired "the interest the original corporate party had *in the lawsuit*." *Luxliner*, 13 F.3d at 71 (emphasis added).

***Substitution of Shell Legacy Holdings LLC for SWEPI LP is Appropriate and Warranted***

The analysis before the Court here is straightforward. Given the change in the corporate structure of SWEPI LP and because it no longer is an existing legal entity with any assets, the proper defendant against whom recovery could be sought for any judgment in favor of the Plaintiffs (which is not conceded) no longer is SWEPI LP but rather is Shell Legacy Holdings LLC, as successor-in-interest to SWEPI LP.

SWEPI LP converted to a Texas Limited Liability Company named SWEPI LLC effective November 16, 2021. *See* **Exhibit A**. As this was a conversation, all of SWEPI LP's assets and liabilities transferred to SWEPI LLC. *See* Tex. Bus. Orgs. Code §§10.106(2), 10.154-155. Also effective November 16, 2021, by way of a merger filing, SWEPI LLC divided itself into two entities: (i) Shell Legacy Holdings LLC and (ii) Permian Delaware Enterprises Holdings LLC. *See* **Exhibit B; Exhibit C**, Agreement & Plan of Divisional Merger (Redacted), p. 1, ¶ 1.[4] Shell Legacy Holdings LLC and Permian Delaware Enterprises Holdings LLC were formed as Texas Limited Liability Companies effective November 16, 2021. *See* **Exhibit B**; **Exhibit C**, p. 1, ¶ 1.

As part of the merger, all of the assets of SWEPI LLC in Pennsylvania, and other specified jurisdictions, were allocated to Shell Legacy Holdings LLC. *See* **Exhibit D**, pp. 1

---

[4] Defendants have redacted certain confidential information, which does not impact the review of this Motion.

4

(NOW THEREFORE), 13. Thus, Shell Legacy Holdings LLC acquired "the interest the original corporate party [SWEPI LP] had in the lawsuit." *Luxliner*, 13 F.3d at 71. The only assets/liabilities of SWEPI LLC (converted from SWEPI LP) not acquired by Shell Legacy Holdings LLC were (i) those assigned to Permian Delaware Enterprises Holdings LLC and (ii) assets/liabilities in five Texas Counties as a result of consents not being received. *See* **Exhibit E**, p. 2 ("SWEPI LP … will be reorganized and in connection with such reorganization, all or substantially all of the assets of SWEPI located in Culberson, Loving, Ward, Winkler, and Reeves Counties in the Permian Basin of western Texas (the "Assets") will be vested in a newly formed wholly owned subsidiary … .") *see also* **Exhibit D**, pp. 12-13 (identified Texas counties are not on list of assets transferred to Shell Legacy Holdings LLC); **Exhibit F**, Purchase and Sale Agreement, § 5.19(b) and Definitions; **Exhibit C**, ¶ 4.[5]

Permian Delaware Enterprises Holdings LLC then was sold to ConocoPhillips Company. *See* **Exhibit E**, p. 2; **Exhibit F**. The Purchase and Sale Agreement between Shell Enterprises LLC and ConocoPhillips Company makes clear that SWEPI LP was to convert to a Texas LLC and then that LLC entity was to effectuate a merger that created two additional entities: (i) Shell Legacy Holdings LLC and (ii) Permian Holdings LLC (what became Permian Delaware Enterprises Holdings LLC). *See* **Exhibit E**, § 5.19(a)&(b); *see also* **Exhibit A**; **Exhibit B**; **Exhibit C**, ¶¶ 1-2.

Shell Legacy Holdings LLC was to own all "Retained Assets", "Retained Liabilities", "Seller Taxes", and Permian Delaware Enterprises Holdings LLC. See **Exhibit E**, § 5.19(b);

---

[5] During the January 5, 2023 Telephonic Conference, the undersigned mistakenly said offshore assets went into the Permian Delaware Enterprises Holdings LLC entity. The undersigned meant to reference the five counties in Texas and, with this filing, hereby corrects the representation to the Court.

5

*see also* **Exhibit C**, ¶ 4.  The Purchase and Sale Agreement defined "Retained Assets" as, among other things, "any and all real property owned by SWEPI or any of its wholly-owned subsidiaries on or prior to the Execution Date and located outside of the Subject Area (the "Retained Properties") ... [and] the Retained Litigation."  **Exhibit E**, Appendix A – Definitions.[6]  The Purchase and Sale Agreement defined "Retained Liabilities" as "any and all duties, obligations, claims and liabilities of SWEPI other than the Assumed Liabilities, and all duties, obligations, claims and liabilities attributable to the Retained Assets, the Retained Litigation and the Retained Royalties."  **Exhibit E**, Appendix A – Definitions.  This lawsuit and the Pennsylvania properties out of which it arose clearly fall outside the scope of the Subject Area and thus are Retained Assets and/or Retained Liabilities.  *See* Footnote 5.  Thus, the assets and liabilities (if any) associated with the lawsuit were transferred to Shell Legacy Holdings, LLC.

The Permian Holdings entity was to own only the "Assets" and the "Assumed Liabilities".  *See* **Exhibit E**, § 5.19(b).  The Purchase and Sale Agreement defined "Assets" as "all of SWEPI's right, title and interest in and to the following assets and properties as of the Effective Time (*excluding any Retained Assets*)."  **Exhibit E**, Appendix A – Definitions (emphasis added).  The Purchase and Sale Agreement defined "Assumed Liabilities" as "all duties, obligations, claims and liabilities of SWEPI relating to, arising out of, or resulting from the Assets or SWEPI's or [Permian Holding's] ownership or operation of the Assets or of any

---

[6] The Purchase and Sale Agreement defined "Subject Area" as "Culberson, Loving, Ward, Winkler, and Reeves Counties, Texas."  **Exhibit E**, Appendix A – Definitions; *see also* **Exhibit D**, pp. 12-13 (those five Texas counties not on list of assets of Shell Legacy Holdings, LLC).

Previously-Divested Properties … ." **Exhibit E**, Appendix A – Definitions.[7] Thus, the only assets or liabilities transferred to the Permian Holdings entity were those in five Texas counties, which does not include the interest at issue in this lawsuit. *See also* **Exhibit C**, ¶ 4; **Exhibit D**, pp. 1, 12-13.

The fact that SWEPI LLC survived its merger creating Shell Legacy Holdings LLC and Permian Delaware Enterprises Holdings LLC is of no moment as the Purchase and Sale Agreement provided for that survival if certain Hard Required Consents were not obtained by closing date. *See* **Exhibit E**, § 5.19(b). In that case, SWEPI LLC was to own the "Required Consent Assets" and "the Retained Liabilities attributable to such Required Consent Assets". **Exhibit E**, § 5.19(b). The "Required Consent Assets" are "Assets" subject to a "Required Consent." **Exhibit E**, Appendix A – Definitions. "Assets" are defined to exclude "Retained Assets", so the "Required Consent Assets" can be only within the "Subject Area", which is defined as "Culberson, Loving, Ward, Winkler, and Reeves Counties, Texas." **Exhibit E**, Appendix A – Definitions ("Assets", "Retained Assets", and "Subject Area"). Therefore, SWEPI LLC's assets and liabilities are limited to assets and liabilities from five counties in Texas. *See also* **Exhibit C**, ¶ 4.

Accordingly, the documents make clear that all the assets and liabilities of SWEPI LP, save assets and liabilities in five counties in Texas, were vested in Shell Legacy Holdings, LLC. Thus, the documentary history shows the interests of SWEPI LP in this lawsuit were acquired by Shell Legacy Holdings LLC, which is all the Third Circuit requires for an entity to be substituted under Rule 25.

---

[7] The Purchase and Sale Agreement defined "Previously-Divested Properties" as "leases and wells that have been divested by SWEPI in the Subject Area … ." **Exhibit E**, Appendix A – Definitions. The "Subject Area" was limited to five counties in Texas. *See* Footnote 6, *supra*.

Substitution, versus joinder, under Rule 25 is warranted here because it will "facilitate the conduct of a case" by having the correct existing entity with any assets present in the litigation. *Luxliner*, 13 F.3d at 71-72; *see also Abraxis BioScience, Inc. v. Navinta LLC*, No. 07-1251, 2009 U.S. Dist. LEXIS 26959, 2009 WL 904043, at *5 (D.N.J. Mar. 30, 2009). In other words, substitution versus joinder is the more appropriate course to take because (i) SWEPI LP no longer exists and (ii) Shell Legacy Holdings LLC is the party with any interest in this litigation.

This substitution will serve only to provide clarity and efficiency in this matter by ensuring that the proper entity for judgment purposes (to the extent there is any judgment, which is not conceded) is reachable for execution. *See In re J.A.R. Barge Lines, L.P.*, Civ. A. No. 03-163, 2007 U.S. Dist. LEXIS 35482, 2007 WL 1451282, at *19-20 (W.D. Pa. May 15, 2007) (granting relief under Rule 25(c), noting it is "merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.")(citation omitted). It cannot be said or substantiated that Plaintiffs will be prejudiced by the requested substitution. To this end, a substituted party can assert only the rights of the original party. *See Minn. Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985) (upon transferee joinder under Rule 25, "[t]he merits of the case . . . are still determined vis-a-vis the originally named parties"); *MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 U.S. Dist. LEXIS 96266, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) ("A party joined under Rule 25 cannot assert its own substantive rights, only those of the original party."). Additionally, there will be no delay in the forward progress of this case as fact discovery has closed and Defendants have served their expert reports.

Because there can be no reasonable dispute that Shell Legacy Holdings LLC has succeeded to SWEPI LP's interest with respect to its assets and/or potential liabilities at issue in this litigation, Defendants submit that Shell Legacy Holdings LLC should be substituted as a Defendant in place of SWEPI LP.

                                            Respectfully submitted:

Dated: April 21, 2023               /s/ Jeremy A. Mercer
                                            Jeremy A. Mercer, Esq. (PA 86480)
                                            jeremy.mercer@nelsonmullins.com
                                            Carolyn B. McGee, Esq. (PA 208815)
                                            carolyn.mcgee@nelsonmullins.com

                                            NELSON MULLINS RILEY & SCARBOROUGH LLP
                                            6 PPG Place, Suite 700
                                            Pittsburgh, Pennsylvania 15222
                                            Tel:    (412) 730-4050
                                            Fax:   (412) 567-9241

                                            *Counsel for Defendants*