IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. WALNEY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 1:13-cv-102-SPB |
| v. | ) |
| | ) |
| SWEPI, LP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM ORDER</u>**

Among the motions pending in this civil action is a motion by the Defendants, SWEPI LP and Shell Energy Holding GP LLC (collectively, "SWEPI"), to sequester video recordings that Plaintiffs' counsel, Joseph E. Altomare, Esq., may have made of the Plaintiffs' depositions in this case. *See* Defs.' Motion to Sequester Opposing Counsel's Deposition Recordings, filed at ECF No. 333. For the reasons that follow, SWEPI's motion will be granted in part and denied in part.

I.   BACKGROUND

By way of relevant background, the Court notes that SWEPI filed a motion to compel and request for sanctions on September 20, 2022 relative to discovery disputes that have arisen in the related case *Warner, et al. v. SWEPI, LP, et al.*, No. 1:19-cv-326 (W.D. Pa) (*See* ECF No. 115). Generally speaking, SWEPI alleged that it had been prejudiced in its attempt to conduct meaningful depositions of various individual Plaintiffs in that the subject Plaintiffs had not adequately responded to SWEPI's written discovery in advance of their scheduled depositions. Many, if not all, of the depositions at issue had been conducted by videoconference for the convenience of the deponents and, with respect to all of the depositions, Mr. Altomare had been

1

granted leave to appear remotely via zoom because of his present residence in another state. Unbeknownst to SWEPI's counsel, Mr. Altomare recorded both "on the record" and "off the record" portions of his clients' depositions and saved them on his Microsoft OneDrive account. The recordings were apparently undertaken without consent from defense counsel, the videographer, or the stenographer. Defense counsel first became aware of the recordings when, on October 1, 2022, Mr. Altomare responded to SWEPI's motion to compel/sanctions motion and included therein hyperlinks to the deposition recordings. *See Warner, supra*, at ECF No. 135. By the time defense counsel became aware of the recordings, the depositions of Plaintiffs in this case had already been completed. Defense counsel therefore asserts, upon information and belief, that Mr. Altomare surreptitiously video recorded the depositions of Messrs. Walney and Bedow in this case, as he has done in the *Warner* case.

This motion followed in which SWEPI argues that the recordings were made in violation of Federal Rule of Civil Procedure 30(b)(3), and perhaps in violation of Pennsylvania law. Accordingly, defense counsel requests that the undersigned enter an order directing Mr. Altomare to: (1) sequester, preserve, and not review, watch, listen to, transcribe, or otherwise use any of the video recordings he has made of depositions taken to-date; (2) cease using any and all materials that he has generated as a result of the "unauthorized and improper" recordings; (3) certify that he has complied with and will continue to comply with the foregoing. *See* ECF No. 333 at 2.

In response to the related motion filed in the *Warner* case, Mr. Altomare disputed that his deposition recordings violate Pennsylvania law and/or Federal Rule 30. Relevant for present purposes is the applicability of Federal Rule of Civil Procedure 30(b)(3), which provides as follows concerning the methods of recording depositions:

2

> **(A)** *Method Stated in the Notice.* The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.
>
> **(B)** *Additional Method.* With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

Fed. R. Civ. P. 30.

Here, SWEPI contends that Mr. Altomare violated the provisions of the rule by failing to provide prior written notice of his intent to record his clients' depositions. In the *Warner* case, Mr. Altomare posited that the notice provisions of Rule 30(b)(3) relate only to the manner of establishing an *official* record, as opposed to an *unofficial* record that is intended only for counsel's personal use.

Mr. Altomare's position that he was under no obligation to comply with the notice provisions of Rule 30(b)(3) is unpersuasive. To the contrary, various federal courts have acknowledged the notice requirements of Rule 30(b)(3) without any particular emphasis on whether the recording party intended to make an official (versus unofficial) record of the deposition. *See, e.g., Barth v. City of Peabody*, No. 15-13794-MBB, 2019 WL 2525475, at *6, 2019 U.S. Dist. LEXIS 103059, at *14 (D. Mass. June 19, 2019) (recognizing that *pro se* plaintiff's attempt to audio-record his own deposition, for which defense counsel had secured a court stenographer, was not permissible without prior notice under Rule 30(b)(3)); *Schoolcraft v. City of N.Y.*, 296 F.R.D. 231, 239-240 (S.D.N.Y. 2013) (holding that plaintiff's attorney violated Rule 30(b) when he brought his own video camera to a scheduled deposition and indicated for the first time at the deposition that, notwithstanding the presence of a court stenographer, he intended to use the video camera to videotape the deponent's testimony; court concluding that

attorney's failure to serve proper Rule 30(b) notice and the potential difficulties surrounding the recordings were appropriate grounds for adjourning the deposition); *Burgess v. Town of Wallingford*, No. 3:11- cv-1129, 2012 WL 4344194, at *7 (D. Conn. Sept. 21, 2012) (emphasis in original) (court allowing plaintiff to make audio recordings of deposition testimony "if he gives *prior notice* to the deponent and other parties in the action of his intention to so record"; court stating that plaintiff "must ensure that his notices are properly served prior to the depositions") (emphasis in the original).

Based on these persuasive authorities, the Court concludes that Mr. Altomare was required to provide formal notice of his intention to record any depositions in this case, and any failure to do so places him in technical violation of Rule 30(b)(3). Moreover, Mr. Altomare should not have made nonconsensual recordings of those parts of the deposition proceedings that were "off the record." On the other hand, with respect to any "on the record" proceedings that were recorded, the Court finds that any potential prejudice to the defense can be sufficiently mitigated by an order that precludes Mr. Altomare from: (i) publishing the recorded depositions, (ii) utilizing them in future filings, or (iii) otherwise offering them as evidence in this case. Indeed, as discussed, the Court's local rules expressly prohibit any future use of hyperlinks to audio or visual files. Thus, the certified stenographic record will serve as the official record of the witnesses' depositions in this case. For these reasons,

IT IS ORDERED this __7th__ day of July, 2023, that Defendants' "Motion to Sequester Opposing Counsel's Deposition Recordings," filed at ECF No. [333], is GRANTED to the extent that Attorney Joseph E. Altomare is hereby directed to refrain from: (i) publishing any unnoticed video recordings he may have made of the Plaintiffs' depositions in this case, (ii) utilizing any such video recordings in future court filings, and/or (iii) otherwise offering any such video

recordings as evidence in this case. The motion is further GRANTED insofar as Mr. Altomare is directed to preserve the challenged recordings and to avoid viewing or making any use whatsoever of those portions that involve "off the record" proceedings. Further, Mr. Altomare shall henceforth serve appropriate notice under Rule 30(b)(3) to the extent he desires to record any future depositions in this civil action.

    IT IS FURTHER ORDERED that, in all other respects, Defendants' motion at ECF No. [333] is DENIED.

Susan Paradise Baxter
United States District Judge