IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS J. WALNEY, and )
RODNEY A. BEDOW, SR., )
)
Plaintiffs, )
) Case No. 1:13-cv-102
v. )
)
SHELL LEGACY HOLDINGS, LLC, )
as successor in interest to SWEPI LP, )
and SHELL ENERGY HOLDING )
GP LLC, )
)
Defendants. )

**MEMORANDUM OPINION RE: MOTION FOR
SUMMARY JUDGMENT FILED AT ECF NO. 404**

**Susan Paradise Baxter, United States District Judge**

Pending before the Court is a motion for summary judgment filed at ECF No. 404 by

Defendants Shell Legacy Holdings, LLC ("Shell Legacy"), as successor in interest to SWEPI LP

("SWEPI"), and Shell Energy Holding GP, LLC ("Shell Energy"). The motion is fully briefed

and ripe for adjudication. For the reasons that follow, Defendants' motion will be

denied.

## I.    BACKGROUND

SWEPI is a former limited partnership that was involved during its existence in oil and

gas exploration and production. At times relevant to this litigation, SWEPI was engaged in

leasing oil and gas interests from Pennsylvania landowners in and around Western Pennsylvania.

Shell Energy was the general partner of SWEPI during this time.

In 2013, Plaintiff Thomas J. Walney ("Walney") initiated the instant lawsuit against

SWEPI and Shell Energy, claiming among other things that his lease with SWEPI constituted a

1

binding contract and that SWEPI had breached the lease by failing to pay him bonus money. Plaintiff Rodney A. Bedow Sr. ("Bedow") later joined the lawsuit, which was certified as a class action and then subsequently decertified by this Court.  As a result of protracted litigation, the breach of contract claims by Walney and Bedow remain pending before this Court.

Meanwhile, in November of 2021, SWEPI converted to SWEPI LLC, a Texas limited liability company. *See* ECF No. 331, ¶ 1. A certificate of conversion was filed with the Texas Secretary of State evidencing this conversion.  ECF No. 347-1.  SWEPI LLC then divided itself into two entities, namely:  Shell Legacy (a Texas limited liability company) and Permian Delaware Enterprises Holdings LLC ("Permian Delaware," also a Texas limited liability company). ECF No. 331, ¶ 2. A certificate of merger was filed with the Texas Secretary of State evidencing the divisive merger of SWEPI LLC into Shell Legacy and Permian Delaware. ECF No. 347-2.  Pursuant to a plan of merger, SWEPI's assets and/or liabilities located in the Commonwealth of Pennsylvania were vested in Shell Legacy.  ECF No. 331, ¶3.  Shell Energy is not a member of Shell Legacy, and these entities have no present relationship to one another. *See* ECF No. 347-3.

On April 21, 2023, Defendants moved pursuant to Federal Rule of Civil Procedure 25(c) to substitute Shell Legacy as successor-in-interest for SWEPI.  *See* ECF No. 346.  The Court granted that motion on November 29, 2023. *See* ECF No. 392.

Defendants have since filed this motion for summary judgment as to all claims against Shell Energy. They argue that Plaintiffs have no viable breach of contract claim against Shell Energy because the parties are not in contractual privity.  Defendants further assert that Shell Energy's status as a former general partner of SWEPI has no legal significance in terms of potential liability, because SWEPI no longer exists as a legal entity and its assets and/or

liabilities (if any) were transferred to Shell Legacy. See ECF No. 347, p.5.  According to the Defendants, Plaintiffs' only recourse for their breach of contract claims is against Shell Legacy, which is responsible under Texas law for its own debts and obligations.  Thus, Defendants posit that, if Shell Legacy is found liable in this action, none of that liability can be imputed to Shell Energy.

Plaintiffs oppose Defendants' motion.  They contend that Pennsylvania law controls the issue and, under the law of this Commonwealth, Shell Energy can continue to be liable for SWEPI's obligations in its capacity as SWEPI's former general partner.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, a defendant may obtain summary judgment by pointing to the absence of a genuine fact issue on one or more essential elements of the plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (holding that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").

For purposes of Rule 56, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). "A factual dispute is genuine if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Physicians Healthsource, Inc. v. Cephalon, Inc*., 954 F.3d 615, 618 (3d Cir. 2020) (quoting *Anderson*, 477 U.S. at 248). And "[a] fact is material only if it 'might affect the outcome of the suit under the governing law.'" *Id*.

(quoting *Anderson*, 477 U.S. at 248). When assessing a Rule 56 motion, the court must "view all 'the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Id*. (quoting *Stone v. Troy Constr., LLC*, 935 F.3d 141, 147 n.6 (3d Cir. 2019)).

## III.    DISCUSSION

Under Pennsylvania law, a plaintiff must establish the following to satisfy a claim for breach of contract: "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages." *Kapotas v. CTP Funding, LLC*, No. 2:24-CV-01995, 2025 WL 2250003, at *3 (E.D. Pa. Aug. 6, 2025). Oil and gas leases are in the nature of contracts and, therefore, they are controlled by principles of contract law. *T. W. Phillips Gas & Oil Co. v. Jedlicka*, 42 A.3d 261, 267 (Pa. 2012).

"Pennsylvania law requires privity for a breach of contract claim." *Bunis v. Masha Mobile Moving & Storage, LCC*, 674 F. Supp. 3d 186, 194 (E.D. Pa. 2023); *see also Feingold v. Erie Ins. Exch*., No. CV 25-1936, 2025 WL 2735350, at *3 (E.D. Pa. Sept. 25, 2025) ("A plaintiff must establish privity of contract to bring a breach of contract claim under Pennsylvania law."). "Privity of contract exists when there is a connection or relationship which exists between two or more contracting parties." *Feingold*, 2025 WL 2735350, at *3.  Thus, "[f]undamental contract law requires 'one cannot be liable for breach of contract unless one is a party to that contract.'" *Bunis*, 674 F. Supp. 3d at 194 (quoting *Whitaker v. Herr Foods, Inc*., 198 F. Supp. 3d 476, 486 (E.D. Pa. 2016)).

Defendants contend that there is no basis for Plaintiffs to hold Shell Energy liable in this case, should they prevail on their breach of contract claim.  They argue that Shell Energy cannot be liable contractually, because no privity of contract exists between that entity and the Plaintiffs in this case.  Additionally, Defendants maintain that Plaintiffs cannot impute any potential

4

liability on the part of SWEPI to Shell Energy, since all of SWEPI's assets and potential liabilities were transferred to Shell Legacy, and Shell Legacy has been substituted as a Defendant in place of SWEPI.

Upon review of the filings, the Court is not persuaded that Shell Energy is entitled to summary judgment on Plaintiffs' breach of contract claims. While it is true that Shell Energy has no direct privity with the Plaintiffs who claim to have contracted with SWEPI, that has always been the case throughout this litigation. Shell Energy's potential liability has never depended on direct contractual privity. Instead, it arose by operation of law as a result of Shell Energy's status as a general partner of SWEPI. The question becomes whether that liability was eradicated when SWEPI was converted into a Texas limited liability company ("LLC") which later divided itself into two different Texas LLCs.

Both sides appear to agree that Pennsylvania law controls the Court's analysis. Thus, we look to relevant provisions of the Pennsylvania Associations Code, 15 Pa. C.S.A. §§101 *et seq*.

Section 402 of the Associations Code addresses the law governing foreign associations, such as Shell Legacy (a Texas LLC) and SWEPI (a Delaware limited partnership). Subsection (a)(2) states that, *"[e]xcept as provided in subsection (h),"* the "laws of the jurisdiction of formation of a foreign association govern . . . the liability that a person has solely as an interest holder [1] or governor [2] for a debt, obligation or other liability of the association." 15 Pa. C.S.A. §402(a)(2) (emphasis added). Subsection (h), in turn, states that "Subsection (a)(2) does not relieve a governor or interest holder of a foreign association from a liability under the laws of this Commonwealth other than this title to which a governor or interest holder of a domestic

---

[1] An "interest holder" includes a "general or limited partner or transferee in a limited partnership." 15 Pa. C.S.A. §102.

[2] A "Governor" includes a "general partner of a limited partnership." 15 Pa. C.S.A. §102.

5

association of the same type would be subject." *Id*. §402(h).  Thus, in its capacity as general partner and "interest holder" in SWEPI, Shell Energy is subject to the same liability under Pennsylvania law that a general partner of a Pennsylvania limited partnership would be subject to.  *See Committee Comment--2022* ("Section 402(h) makes clear that with respect to liabilities arising under Pennsylvania law other than Title 15, section 402(a) does not provide governors and interest holders of foreign associations more favorable treatment than that imposed on governors and interest holders of domestic associations.").

Under Chapter 86 of the Associations Code (known as the "Pennsylvania Uniform Limited Partnership Act of 2016"), 15 Pa. C.S.A. §8611, et seq., a limited partnership is an entity distinct from its partners.  *Id*. §8620(a).  Subject to exceptions that are not presently relevant, general partners are jointly and severally liable for "all debts, obligations, and other liabilities of the limited partnership."  *Id.* §8644(a).  Accordingly, a general partner may be joined in an action against the limited partnership, as occurred here when Plaintiffs sued both SWEPI and Shell Energy.  *See id.,* §8645(a).

As noted, SWEPI converted to SWEPI, LLC in 2021.  Under the Pennsylvania Associations Code, a "converted" association remains the same association as before, albeit of a different legal type.  *See* 5 Pa. C.S.A. §356 ("Effect of conversion").  The converted association maintains ownership of all the same property and remains subject to all binding agreements and liabilities of the converted association.  *Id.* §356(a)(2) and (3).  An existing claim or a pending action against the converting association may be prosecuted as if the conversion had not occurred, and the name of the new association may be substituted for that of the prior one.  *Id.* §356(a)(6).  Moreover, the conversion "does not discharge any interest holder under the organic law of the domestic converting association to the extent the interest holder liability arose before

6

the conversion became effective." *Id*. §356(d)(1).  Thus, the conversion of SWEPI LP to SWEPI, LLC did not extinguish Shell Energy's liability, if any, under the putative contracts at issue in this case.

SWEPI, LLC also underwent a division into two separate entities -- Shell Legacy, and Permian Delaware -- which thereby extinguished SWEPI, LLC's legal existence.  *See* 15 Pa. C.S.A. §356(a)(2) (addressing the "[e]ffect of division" and stating that, "[if the dividing association is not to survive the division, the separate existence of the dividing association ceases").  Under the Pennsylvania Associations Code, "any property allocated" to the new association following division "vests in the new association without reversion or impairment[.]" *Id*. §356(a)(3)(ii).  When a division becomes effective, a resulting association is responsible "for the liabilities of the dividing association that are allocated to or remain the liability of that resulting association to the extent specified in the plan of division, but not for liabilities allocated in the plan to another resulting association." *Id.* §368(a)(2).  Here, the record indicates that Shell Legacy assumed any liabilities that SWEPI may have in connection with the instant litigation. Accordingly, the Court granted Defendants' motion to substitute Shell Legacy for SWEPI as a Defendant in this action.  Notably, however, a division under Pennsylvania law does not extinguish the pre-existing liabilities of an interest holder who ceases to have an interest in the dividing association.  *See* 15 C.S.A. §367(d)(1) ("When a division becomes effective, the interest holder liability of a person that ceases to hold an interest in the dividing association that is a domestic entity with respect to which the person had interest holder liability is as follows: (1) The division does not discharge any interest holder liability under the organic law of the domestic entity to the extent the interest holder liability arose before the division became effective.").

7

Here, Defendants theorize that SWEPI's legal extinction -- through (i) conversion, followed by (ii) the converted entity's division into two separate LLCs -- effectively extinguished the pre-existing liability of its general partner, Shell Energy.  However, the provisions of the Pennsylvania Associations Code appear to dictate otherwise.  As Defendants have cited no binding or persuasive authority in support of their motion, the Court cannot conclude that Shell Energy is entitled to summary judgment on the breach of contract claims directed against it.

IV.    **CONCLUSION**

Based upon the foregoing reasons, the Court will deny Defendants' motion for summary judgment in favor of Shell Energy Holding GP LLC.

An appropriate order follows.

Susan Paradise Baxter
United States District Judge

8